CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JOSE LUIS PEREZ and PEDRO SANTIAGO ZACARIAZ,
on behalf of themselves and others similarly situated,

                                 Plaintiff,

    -against-

ULTRA SHINE CAR WASH, INC., ADELINO F. PASTILHA,
and JUAN MENDEZ,

                              Defendants.
--------------------------------------------------------------------------------X

Case No. 20-CV-782

**FLSA COLLECTIVE
ACTION COMPLAINT**

      Plaintiffs  JOSE  LUIS  PEREZ  and  PEDRO  SANTIAGO  ZACARIAZ
(hereinafter,  "Plaintiffs"),  on  behalf  of  themselves  and  other  similarly  situated
employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, files
this Complaint against defendants ULTRA SHINE CAR WASH, INC. ("ULTRA
SHINE"),  ADELINO  F.  PASTILHA,  and  JUAN  MENDEZ  (the  "Individual
Defendants") (ULTRA SHINE and the Individual Defendants are collectively referred to
herein as the "Defendants"), and state as follows:

## INTRODUCTION

      1.     Plaintiffs  allege  that,  pursuant  to  the  Fair  Labor  Standards  Act,  as
amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), they are entitled to recover from

Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, (d) misappropriated tips, (e) liquidated damages, (f) prejudgment and post-judgment interest, and (g) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiffs are each residents of Westchester County, New York.

6.      Defendant, ULTRA SHINE, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 26 Romaine Avenue, Yonkers, New York 10705.

7.      Defendant, ULTRA SHINE, owns and operates a car wash doing business as "Ultra Shine Car Wash, located at 26 Romaine Avenue, Yonkers, New York 10705 (the "Car Wash").

8.     Defendant, ADELINO F. PASTILHA, is the President and Chief Executive Officer of ULTRA SHINE, and is an officer, director, manager, supervisor, and proprietor of ULTRA SHINE who participates in the day-to-day operations of the Car Wash, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with ULTRA SHINE.

9.     Defendant, JUAN MENDEZ, is the manager and supervisor of the Car Wash who participates in the day-to-day operations of the Car Wash, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with ULTRA SHINE.

10.     The Individual Defendants exercised control over the terms and conditions of Plaintiff's employment in that they have the power to: (i) hire and fire employees, (ii) determine and approve rates and methods of employee pay, (iii) determine and approve employee work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11.     Upon information and belief, at least within each of the three (3) most recent years relevant to the claims herein, ULTRA SHINE was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or

3

produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

12.     Defendants employed Plaintiff, JOSE LUIS PEREZ, to work as a non-exempt car washer attendant for the Car Wash from in or about 2010 until in or about October 2019.

13.     Defendants employed Plaintiff, PEDRO SANTIAGO ZACARIAZ (a/k/a "Jairo"), to work as a non-exempt car washer attendant for the Car Wash from in or about January 2019 until in or about October 2019.

14.     The work performed by Plaintiffs was directly essential to the business operated by Defendants.

15.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

16.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17.     Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

18.     Defendants knowingly and willfully misappropriated tips from Plaintiffs in direct contravention of the New York Labor Law.

19.     Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

20.     Defendant ADELINO F. PASTILHA hires employees to work as managers and/or supervisors to participate in the day-to-day operation of the Car Wash.

21.     Defendant ADELINO F. PASTILHA hired defendant, JUAN MENDEZ, to work as the Manager of the Car Wash, and was one of Plaintiffs' direct supervisors. Through authority granted to him by Mr. Pastilha, Mr. Mendez is primarily in charge of running the day-to-day operation of the Car Wash, including, but not limited to hiring and firing employees, setting employee work schedules, and setting employee rates of pay.

22.     Defendant ADELINO F. PASTILHA himself also actively participates in the day-to-day operation of the Car Wash.  For instance, Mr. Pastilha personally supervises and directs the work of the employees, including the managers and supervisors who also directly supervise the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

23.     Although defendant ADELINO F. PASTILHA provides managers and supervisors with some authority to effectively run the day-to-day operation of the Car Wash, including the hiring and firing of employees, Mr. Pastilha creates, implements, and approves all business policies and makes all crucial business decisions, including decisions concerning the maximum number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

### Jose Luis Perez

24.     In or about 2010, Defendants hired Plaintiff, JOSE LUIS PEREZ, to work as a non-exempt car wash attendant.

25. Plaintiff worked for Defendants in such capacities until in or about October 2019.

26. During the course his employment, Plaintiff worked over forty (40) hours per week.

27. Throughout the entirety of his employment, Plaintiff worked six (6) days per week (weather permitting), and his work shift consisted of eleven (11) hours per day Monday, Tuesday, Wednesday, Friday, and Saturday from 8:00 a.m. until 7:00 p.m.; and ten (10) hours on Sunday from 8:00 a.m. until 6:00 p.m.

28. Plaintiff was not required to punch a time clock at the start and end of each work shift.

29. During the relevant six (6) year limitations period beginning in January 2014 and continuing through in or about December 2014, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $70 per day ($420 per week), and worked sixty-five (65) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

30. Beginning in or about January 2015 and continuing through in or about December 2015, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $75 per day ($450 per week), and worked sixty-five (65) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31.     Beginning in or about January 2016 and continuing through in or about December 2016, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $80 per day ($480 per week), and worked sixty-five (65) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

32.     Beginning in or about January 2017 and continuing through in or about December 2017, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $85 per day ($510 per week), and worked sixty-five (65) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33.     Beginning in or about January 2018 and continuing through in or about December 2018, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $90 per day ($540 per week), and worked sixty-five (65) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

34.     Beginning in or about January 2019 and continuing through the remainder of his employment in or about October 2019, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $95 per day ($570 per week), and worked sixty-five (65) hours per week. Work performed

above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

35.     Upon receiving his cash wages each week, Defendants failed to provide Plaintiff with a written wage statement setting forth, among other things, his gross wages, deductions, and net wages.

36.     In addition to failing to pay Plaintiff minimum wages and overtime compensation, Defendants created an unlawful tip pool/share arrangement with its employees, wherein Plaintiff was required to share tips with other employees who customarily are not entitled to receive tips as part of their employment.     More specifically, Plaintiff was required to share tips with the defendant JUAN MENDEZ (manager/supervisor), and a cashier.

**Pedro Santiago Zacariaz**

37.     In or about January 2019, Defendants hired Plaintiff, PEDRO SANTIAGO ZACARIAZ (a/k/a "Jairo") to work as a non-exempt car wash attendant.

38.     Neither at the time of hire, nor any time thereafter, did the Defendants provide Plaintiff with wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

39.     Plaintiff worked for Defendants in such capacities until in or about October 2019.

40.     During the course his employment, Plaintiff worked over forty (40) hours per week.

41.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week (weather permitting), and his work shift consisted of eleven (11) hours per day

Monday, Wednesday, Thursday, Friday, and Saturday from 8:00 a.m. until 7:00 p.m.; and ten (10) hours on Sunday from 8:00 a.m. until 6:00 p.m.

42.     Plaintiff was not required to punch a time clock at the start and end of each work shift.

43.     Throughout the entirety of his employment, Plaintiff was not paid proper minimum wages or overtime compensation. Plaintiff was paid at the rate of $85 per day ($510 per week), and worked sixty-five (65) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

44.     Upon receiving his cash wages each week, Defendants failed to provide Plaintiff with a written wage statement setting forth, among other things, his gross wages, deductions, and net wages.

45.     In addition to failing to pay Plaintiff minimum wages and overtime compensation, Defendants created an unlawful tip pool/share arrangement with its employees, wherein Plaintiff was required to share tips with other employees who customarily are not entitled to receive tips as part of their employment. More specifically, Plaintiff was required to share tips with the defendant JUAN MENDEZ (manager/supervisor), and a cashier.

46.     Defendants knowingly and willfully operate their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees.

47.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime

rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

48. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees a "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

49. Defendants knowingly and willfully operated their business with a policy of misappropriating Plaintiffs' tips, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

50. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient time records.

## COLLECTIVE ACTION ALLEGATIONS

51. Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendants since January 29, 2017 until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

52. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts

10

upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

53. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

54. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

55. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress

for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

56. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

      a.     Whether Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

      b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

      c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

      d.     Whether Defendants failed to pay Plaintiffs and the Collective Action Members statutory minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

      e.     Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

      f.     Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

57.   Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

58.   Plaintiffs and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

59.   Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60.   At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

61.   At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

62.   Upon information and belief, at least within the three (3) most recent years relevant to the allegations herein, ULTRA SHINE had gross revenues in excess of $500,000.

63.   Plaintiffs and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

64.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Collective Action Members for hours worked.

65.     Defendants failed to pay Plaintiffs and the Collective Action Members minimum wages in the lawful amount for hours worked.

66.     Plaintiffs and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

67.     Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

68.     At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

69.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiffs and the Collective Action Members.

70.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

71.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

72.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

73.     Due to Defendants' intentional, willful and unlawful acts, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

74.     Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

75.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "74" of this Complaint as if fully set forth herein.

76.     At all relevant times, Defendants employed Plaintiffs within the meaning of New York Labor Law §§ 2 and 651.

77.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

78.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

79.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to a pay "spread of hours" premium to Plaintiffs for each day their work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations § 142.2-4.

80.     Defendants knowingly and willfully violated Plaintiffs' rights by misappropriating tips from Plaintiffs by requiring them to participate in an unlawful tip pool/share arrangement, which required them to share tips with employees who are not customarily entitled to receive tips as part of their employment.

81.     Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations §§ 142-2.7.

82.     Defendants failed to notify Plaintiffs of their regular hourly rate of pay and corresponding overtime rate of pay, any tip credits or deductions taken, and their regular designated payday, in contravention of New York Labor Law § 195(1).

83.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

84.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

85.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, unpaid "spread of hours" premium, misappropriated tips, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198.

86.     Plaintiffs are also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs JOSE LUIS PEREZ and PEDRO SANTIAGO ZACARIAZ, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of misappropriated tips due under the New York Labor Law;

17

(e)     An award of liquidated damages as a result of failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues.

Dated: New York, New York
      January 29, 2020

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By:
     Giustino (Justin) Cilenti (GC2321)-

18

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, ___Jose Luis Perez_____, am an employee currently or

formerly employed by ___Ultra Shine Car Wash_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___1/r_____ , 2019 2020

_____

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Pedro Santiago Zacarias_, am an employee currently or
formerly employed by _Ultra ~~Best~~ Shine Car Wash_, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_1/8_, 2019 2020

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

TO: Adelino F. Pastilha and Juan Mendez

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Jose Luis Perez, Pedro Santiago Zacariaz and others similarly situated intend to charge you and hold you personally liable as one of the ten largest shareholders of Ultra Shine Car Wash, Inc., for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorneys, to make this demand on their behalf.

Dated: New York, New York
        January 29, 2020

CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
    Justin Cilenti