UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOSE LUIS PEREZ and PEDRO SANTIAGO ZACARIAZ,

            Plaintiffs,

v.

ULTRA SHINE CAR WASH, INC.,
ADELINO F. PASTILHA, and JUAN MENDEZ,

            Defendants.
------------------------------------------------------------x

Case No.: 20-CV-782-KMK

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Protective Order, upon the joint request of the parties, for the purposes of assuring the confidentiality of information that may be disclosed by the parties in the course of discovery proceedings. The Court, having found that good cause exists for entry of this Protective Order, HEREBY ORDERS:

    1.    As used in this Order, the term "Protected Information" constitutes any and all documents or records, and information contained therein, that contain any confidential, proprietary, personal, or similar information, including, but not limited to, personal medical, employment or financial information. The term "Highly Confidential Protected Information" refers to documents or records, and information contained therein, that contain highly confidential, proprietary, personal, or similar information, requiring protection above and beyond that which is afforded by this Order to documents or records designated as "Protected Information."

2.  Information that Plaintiffs or Defendants deem "Protected Information" or "Highly Confidential Protected Information" shall be designated as such in one or more of the following ways:

    a.  Information set forth in a response to an interrogatory may be so designated by including the words "Protected Information" or "Highly Confidential Protected Information" in the response.

    b.  Information contained in any document or part thereof may be so designated by marking the phrase "Protected Information" or "Highly Confidential Protected Information" on the document or record containing Protected Information or Highly Confidential Protected Information prior to the production of such document or record.

    c.  Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition and on the same day that the answer is given or, at any point after receiving the transcript of the deposition, by giving written notice to counsel for the opposing party of the page and line numbers designated as "Protected Information" or "Highly Confidential Protected Information."

3.  Any party who contests the designation of a document, record, or other information as "Protected Information" or "Highly Confidential Protected Information" shall provide the producing party written notice of its challenge. If the parties cannot resolve this dispute, they shall follow the Federal Rules of Civil Procedure, the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the individual practices of the Court, and/or any court orders for addressing discovery disputes. Failure to challenge a designation immediately does not waive a party's ability to bring a later challenge.

2

4. Except as provided in this Order, all Protected Information or Highly Confidential Protected Information produced or exchanged pursuant to this Order shall be used solely for the purposes of this action and for no other purpose whatsoever, and shall not be published to the general public in any form, or otherwise disclosed, disseminated, or transmitted to any person, entity, or organization, except in accordance with the terms of this Order.

5. Protected Information or Highly Confidential Protected Information may be disclosed only to the following Qualified Persons:

    a. Any party to this action or employee of a party to this action, subject to section 5(h);

    b. Attorneys for Plaintiffs, and any support staff or other employees of the attorneys of record for Plaintiffs who are providing active assistance with this action;

    c. Attorneys for Defendants, and any support staff or other employees of attorneys of record for Defendants who are providing active assistance with this action;

    d. Experts or consultants retained or consulted for this action by counsel to a party, and any support staff or other employees for such experts or consultants who are assisting in the expert's work for this action;

    e. Court reporters, videographers or stenographers engaged to record deposition testimony, and their employees who are assisting in the preparation of transcripts of such deposition testimony;

    f. the Court, or any Court personnel; and

    g. Such other persons as hereafter may be agreed to by the parties in writing or authorized by the Court upon motion of any party.

    h. Counsel for the parties may show, discuss and review documents or records designated "Highly Confidential Protected Information" with a party or an employee of a party, but the party or employee of the party may not (1) keep a copy of the Highly Confidential

3

materials; (2) view the Highly Confidential materials outside the direct supervision of counsel; (3) take notes concerning the content of the Highly Confidential materials; (4) discuss or disclose the contents of the Highly Confidential materials with third parties; and/or (5) use the Highly Confidential materials for any purpose other than in connection with the prosecution or defense of this action.

6. A copy of this Order shall be delivered to each Qualified Person under sections 5(d) and 5(g) to whom a disclosure of Protected Information is made, at or before the time of disclosure, by the party making the disclosure or by its counsel. Each such person shall execute an acknowledgment in the form of Exhibit 1 attached hereto before disclosure is made, and the provisions of this Order shall be binding upon that person.

7. All Qualified Persons, including the parties and their respective counsel, to whom Protected Information or Highly Confidential Protected Information is disclosed, are hereby prohibited from disclosing information designated as Protected Information or Highly Confidential Protected Information to any unauthorized person, except as provided in this Order.

8. Any deposition questions intended to elicit testimony regarding information designated as Protected Information or Highly Confidential Protected Information shall be conducted only in the presence of persons authorized to review the Protected Information or Highly Confidential Protected Information. Any portions of deposition transcripts containing such questions and testimony shall be automatically subject to the same protections and precautions as the Protected Information and Highly Confidential Protected Information.

9. If any party seeks to publicly file with the Court any Protected Information or Highly Confidential Protected Information, or portions of pleadings, motions, or other papers that disclose such Protected Information or Highly Confidential Protected Information, that party shall provide the producing person no less than ten days' advance written notice of its intent to file such material. The producing party may then make an application to the Court

4

requesting that the material be filed and kept under seal. If such an application is made, the papers in question shall not be filed until the Court renders a decision on that application.

10. Nothing in this Order shall preclude any disclosure of Protected Information or Highly Confidential Protected Information to any judge, magistrate, or employee of the Court for purposes of this action.

11. Nothing contained in this Order shall be construed to prejudice any party's right to use in open court any Protected Information or Highly Confidential Protected Information, provided that reasonable notice of the potential disclosure of the Protected Information or Highly Confidential Protected Information shall be given to the producing party so that the producing party may move to seal the document, or otherwise seek to prevent the disclosure or dissemination of the Protected Information or Highly Confidential Protected Information, in advance of its use in open court.

12. If counsel for any party is required by law or court order to disclose, disseminate, or transmit Protected Information or Highly Confidential Protected Information produced under this Order to any person or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to the producing party no less than 14 days prior to disclosure, dissemination, or transmittal so as to provide the producing party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required sooner by law or court order.

13. Within thirty days after the final disposition of this action, including any and all appeals, all Protected Information and Highly Confidential Protected Information and copies thereof in the possession of any Qualified Persons shall be returned to the producing parties or

Case 7:20-cv-00782-KMK Document 20 Filed 10/14/20 Page 6 of 8

destroyed. If the Protected Information or Highly Confidential Protected Information is destroyed, the party that has destroyed the Protected Information or Highly Confidential Protected Information shall certify in writing to the producing party that the Protected Information and/or Highly Confidential Protected Information in its possession has been destroyed.

14. If a party inadvertently fails to designate material as Protected Information or Highly Confidential Protected Information at the time of production, this shall not in itself be deemed a waiver of any claim of confidentiality as to that Protected Information or Highly Confidential Protected Information. The producing party may correct its failure to designate an item as Protected Information or Highly Confidential Protected Information by taking reasonable steps to notify all receiving persons of its failure, and by promptly supplying all receiving persons with new copies of any documents bearing corrected designations. Within five business days of receiving copies of any documents bearing corrected designations pursuant to this paragraph, the receiving persons shall return or destroy the improperly designated materials, and certify in writing to the producing party that such materials have been returned or destroyed.

15. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable, and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

16. Nothing in this Order shall be construed as a waiver of any defense, right, objection, or claim by any party, including any objection to the production of documents and any claim of privilege or other protection from disclosure.

17. Nothing in this Order shall affect the right of any party to seek additional protection against the disclosure of any documents or materials, or of the parties to seek additional disclosures.

18. Nothing in this Order shall prevent any disclosure of Protected Information or Highly Confidential Protected Information by the party or entity that designated the information as such.

19. The terms of this Order shall survive the termination of this action for purposes of enforcing this Order.

SO STIPULATED AND AGREED TO BY:

_____
Justin Cilenti (GC2321)
Cilenti & Cooper, PLLC
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
Tel: (212) 209-3933
info@jcpclaw.com

*Attorneys for Plaintiff*

Dated: New York, New York
       October 14, 2020

_____
Stanley J. Silverstone (SS2620)
Law Office of Stanley J. Silverstone
10 Esquire Road, Suite 12
New City, NY 10956
Tel: (845) 215-9522
sjs@sjsilverstone.com

*Attorney for Defendants*

Dated: New City, New York
       October 14, 2020

SO ORDERED:

_____
HON. KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Dated: White Plains, New York
       October 15, 2020

7

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JOSE LUIS PEREZ and PEDRO SANTIAGO ZACARIAZ,   Case No.: 20-CV-782-KMK

        Plaintiffs,

v.

ULTRA SHINE CAR WASH, INC.,
ADELINO F. PASTILHA, and JUAN MENDEZ,

        Defendants.
------------------------------------------------------------x

## ACKNOWLEDGEMENT

I have read and I understand the Protective Order entered by the Court in the above-captioned case, and I agree to be bound by its terms.

Date: _____

Name (printed): _____

Signature: _____